ITHAMAR CONKEY, Judge of Probate, *vs.* DAVID W. EVERETT & others.

A testator bequeathed to his wife " her support and maintenance in sickness and in health, and meaning all that shall or may be necessary for her comfort for and during her natural life; " and, subject to this, gave all his property, amounting in value to about $1000, to his son. *Held*, that the wife was not obliged to reside with the son in the homestead; and that the fact that she had been accustomed and was able to labor was to be taken into account in computing what sum was necessary for her support under the will.

ACTION OF CONTRACT upon a bond for payment of debts and legacies by the executor of the will of Jason Everett, which contained the following clause :

" I give and bequeath to my beloved wife, Lucy Everett, her support and maintenance in sickness and in health, and meaning all that shall or may be necessary for her comfort for and during her natural life fully to be completed and ended, out of my estate; and I hereby charge all my estate, real, personal or mixed, with the expense of her support and maintenance as is above expressed." The testator devised and bequeathed all his estate to his son David W. Everett, " subject however to the support and maintenance " of his widow, as aforesaid.

The answer alleged that David W. Everett had supported and maintained the widow and provided all things necessary for her comfort according to the true intent and meaning of the will ; that the estate left by the testator was of little value, about that of one thousand dollars ; that at the time of his decease she was living on the premises disposed of by the will, and for a long time afterwards lived thereon with David, who during that time there supported and maintained her, and had been ready and offered to continue to do so ; but that she, without any good reason or any cause of complaint, and with out his consent, left the premises and refused to receive support and maintenance from him there.

At the trial before *Dewey*, J., the jury returned a general verdict for the plaintiff, and, in answer to specific questions, found that David was not always ready to support the widow in the homestead where they both lived at the time of the testator's

death; that she did not leave the house voluntarily and against David's will, and without sufficient cause; and that he refused to provide for her elsewhere. Judgment was rendered for the plaintiff for the penalty of the bond, and a hearing had in chancery on the assessment of damages, upon which the case was reserved for the full court, in whose opinion the material facts are stated.

*C. Delano*, for the plaintiff, cited *Farwell* v. *Jacobs*, 4 Mass. 634; *Baker* v. *Dodge*, 2 Pick. 619; *Wilder* v. *Whittemore*, 15 Mass. 263; *Crocker* v. *Crocker*, 11 Pick. 252; *Pickering* v. *Pickering*, 15 N. H. 281; *Marshall* v. *Blew*, 2 Atk. 217; *Bartlett* v. *Bartlett*, 5 Foster, 283.

*S. T. Spaulding*, for the defendants, cited *Crocker* v. *Crocker*, 11 Pick. 252; *Sheldon* v. *Purple*, 15 Pick. 528; *Kilburn* v. *Hosmer*, 10 Cush. 146; *Thayer* v. *Richards*, 19 Pick. 398; *Wilder* v. *Whittemore*, 15 Mass. 262; *Wright* v. *Barrett*, 13 Pick. 43.

DEWEY, J. The questions arising upon the construction of the will under which this legacy is sought to be enforced are by the finding of the jury upon the issue submitted to them as to the past damages somewhat more restricted than would have been presented if Mrs. Everett had voluntarily and unnecessarily withdrawn from the homestead of her late husband, and declined to receive her support and maintenance there.

The counsel having discussed the more general question of the rights of Mrs. Everett under the will, we have considered the two questions: 1. Whether Mrs. Everett was restricted to receiving her support and maintenance at the late homestead, in case the executor was ready and willing to furnish the same there? 2. Is that support to be furnished in respect to her ability to do useful and suitable labor in aid of such support?

A review of the various cases cited by the counsel leads to no other result than that each case must be decided very much upon its own facts, looking at the language of the will and the surrounding circumstances.

In the present instance, although it is highly probable that it was the expectation of the testator that the support would be furnished at the place of his last residence, yet there is nothing

in the terms of the will giving it such a locality. Had there been a devise to the widow of a part of the house for her occupation, this would have strongly indicated a purpose of the testator that she should there receive her support. But the homestead was devised to the son, David W. Everett, under such terms as gave him the entire estate in the same, subject only to the charge thereon of the bequest to the plaintiff of her support and maintenance. In the opinion of the court, the plaintiff is not confined to a residence at the homestead of her late husband, but may demand her support to be furnished elsewhere, under reasonable limitations. In estimating however the extent of that support, the facts of the existence of a small homestead, in which the parties lived, and the arrangement, if any had been made, as to the occupation of the same by the son in the lifetime of the father, will have their proper influence.

The remaining inquiry, whether an adequate support is to be furnished her, independent of her own resources, or of the aid which she might contribute by the labor to which she had been accustomed, and which was suitable and proper for her under all the circumstances of her age, health, &c., must be decided in reference to the peculiar facts existing in the case. The estate owned by the testator was a very small one, not exceeding in value one thousand dollars, and the testator and his wife were accustomed to labor. The widow, though somewhat advanced in age, was of competent health and strength to perform useful labor, and thus aid in her own support. We think in estimating the sum to be paid for the support and maintenance of Mrs. Everett, the testator having in his will defined that to be " all that may be necessary for her comfort," we may properly answer the second question in the negative. The effect of this will be that some regard is to be paid to this circumstance, and she is not to be necessarily exempt from all labor, but at the same time the labor can only be such as is entirely suitable for a woman of her age, health and condition in life, and such as was contemplated by the testator in the bequest made for her benefit. *Damages to be assessed accordingly.*